SAWYER (JORDAN v.). See Case No. 7,-521.

---

## Case No. 12,401.

### SAWYER v. MORTE et al.

[3 Cranch, C. C. 331.] [1]

Circuit Court, District of Columbia. May Term, 1828.

EXECUTION—LANDS—EQUITABLE INTEREST.

1. A mere equitable interest in lands is not liable to attachment and condemnation, by way of execution, under the Maryland law of 1715, c. 40.

2. Under the statute of 5 Geo. II. respecting lands in the plantations, the legal estate only was liable to execution at law.

3. The cases of Campbell v. Morris, 3 Har. & McH. 535, Pratt v. Law, 9 Cranch [13 U. S.] 456, and Ford v. Philpot, 5 Har. & J. 316, considered.

At law.

This case was submitted by Mr. Morfit, the plaintiff's counsel.

CRANCH, Chief Judge, delivered the opinion of the court (THRUSTON, Circuit Judge, doubting).

This is an attachment, by way of execution, under the statute of Maryland, 1715 (chapter 40), upon a judgment obtained by the plaintiff against Morte, and was laid upon real estate, the legal title to which is in the garnishee, W. Brent, and never was in Morte. The garnishee answers to interrogatories, that he holds the land to indemnify himself against certain responsibilities which he had assumed for Morte, and that the value of the property is probably more than sufficient for his indemnification. The motion now is for judgment of condemnation.

In support of this motion, Mr. Morfit, for the plaintiff, has cited the cases of Campbell v. Morris, 3 Har. & McH. 535; Ford v. Philpot, 5 Har. & J. 316; and Pratt v. Law, 9 Cranch [13 U. S.] 496.

In the case of Campbell v. Morris, 3 Har. & McH. 535, the opinion of the general court of Maryland was, decidedly, that an equity of redemption was not liable to this process of attachment. That case was reversed by the court of appeals; but as that court did not give the reasons of their opinion, and as it was strongly argued by the appellant's counsel that Mr. Morris had a legal estate, because it was covenanted in the mortgage that Mr. Morris should retain the possession and enjoy the profits until forfeiture of the mortgage, it may reasonably be presumed that the court of appeals decided the cause upon that ground, and not upon the doctrine that a mere equity was liable to attachment.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

This presumption was corroborated by the facts stated by Mr. P. B. Key, in arguing the case of Pratt v. Law, 9 Cranch [13 U. S.] 479, 486; and the letter of the chief judge of the court of appeals, explaining the grounds of that judgment, in which it appears that it was the legal, not the equitable estate, which they considered liable to condemnation, and in which he says:—"But upon this," (meaning the question whether an attachment would lie for the mortgagor's interest,) "the judges gave no opinion." By the construction which the courts of Maryland had uniformly given to the British statute of 5 Geo. II. c. 7, making lands in the plantations and colonies liable for debts, nothing but the legal estate is liable to execution at law. The rule is the same in England. Plunket v. Penson, 2 Atk. 292; Shirley v. Watts, 3 Atk. 200; Burden v. Kennedy, 3 Atk. 739. And the act of assembly of Maryland, 1794 (chapter 60, § 10), is founded upon that known and acknowledged rule of law. That statute recites, that "Whereas it often occurs that persons against whom judgments or decrees are obtained hold or possess, or claim lands, tenements, and hereditaments, by equitable title only, and the creditor or creditors of such persons are often without remedy, either at law or in equity," and then proceeds to give the chancellor power to decree the sale of the equitable title, and to give the purchaser all the remedies which the person had whose equitable title is thus sold. That this rule of law was well established is manifested by the statute of Maryland, 1810, c. 60, (passed since the separation of this district from that state, and consequently never in force here,) which, for the first time, subjected equitable estates to legal process.

In the case of Ford v. Philpot, 5 Har. & J. 316, the court of appeals, in the year 1821, decided that the equity of redemption of a mortgagor was liable to attachment and condemnation, and passed by a sale under the fieri facias, in the year 1789. The court, in giving its opinion, leaned upon the cases of Campbell v. Morris, and Pratt v. Law [supra], neither of which cases seems to us to support the decision.

We have already seen that, in the former of those cases, the court went upon the assumption that Mr. Morris had an estate at law; and, in the latter case, the supreme court of the United States say: "We are not now at liberty to enter into the consideration of that question." It is evident that they considered the court of appeals in Maryland as having conclusively settled the question, so far as it affected that case, although it may not have settled it as to other cases. They considered the Maryland court as having decided that Mr. Morris had such an interest as was liable to attachment; and that, although that court might have erred as to the nature of the estate which Mr. Morris held, yet, as the judgment of that court remained in full force, and could not be reversed, it was conclusive in that cause. The supreme court of the United States did not undertake to decide whether the court of appeals erred as to the nature of the interest of Mr. Morris, or in the principle of law which that court thought applicable to the case. But the case of Ford v. Philpot [supra] was a case of mortgage, in which, for all purposes, except as security for the debt to the mortgagee, and subject to that incumbrance, the mortgagor is in law considered as the owner of the property; and if the mortgage-money be paid, the estate becomes again absolute and perfect in the mortgagor, without any reconveyance from the mortgagee.

The equity of redemption is so far considered a legal estate as to be, in a manner, bound by a judgment against the mortgagor, so that a judgment creditor is entitled to redeem. But, in the present case, Mr. Morté, the debtor, never had the legal estate; and this difference was thought, by this court, at this term, in the case of Law v. Law [Case No. 8,128] sufficient to authorize the court to decide that the proceeds of the sales of an equitable interest of a vendee were equitable, and not legal assets, and were not bound by a judgment against the vendee. Whatever, therefore, might be the weight which this court might allow to the authority of the case of Ford v. Philpot [supra], decided since the separation of this district from the state of Maryland, we do not think it decisive of the present.

There is another objection to condemnation in this case. The responsibilities of Mr. Brent, the garnishee, are not so definite that we can exactly know what they are; nor does it appear certainly whether he is not still liable for Mr. Morté upon the government contract; and we have, perhaps, no jurisdiction to ascertain the fact. The plaintiff's remedy being, therefore, to say the least, doubtful at law, and very clear in equity, where all persons interested may be made parties, and where the rights of all may be protected and enforced, we think it safest to follow what we consider as the old rule of law in Maryland, that a mere equitable interest in lands is not liable to attachment and condemnation, under the attachment laws of that state, as they existed when they were adopted as the laws of this part of the district. The motion for condemnation, therefore, is overruled, and the attachment quashed.